UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL A. MCDADE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-3733 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative Motion for Summary Judgment ("Defendant's Motion") (Doc. No. 14) and Plaintiff's Motion and Memorandum in Support for Leave to File Amended Second Petition and Jury Demand ("Plaintiff's Motion for Leave") (Doc. No. 26). After considering the motions, all responses thereto, and the applicable law, the Court finds that Defendant's motion to dismiss should be granted. The Court also denies Plaintiff's motion for leave to file Plaintiff's Second Amended Complaint.

### I.   BACKGROUND

Plaintiff Michael McDade filed his complaint in state court on September 3, 2010 to "enjoin and restrain a foreclosure proceeding scheduled . . . for Tuesday, September 7, 2010." (Compl. at 2.) The Complaint alleged that Defendant Wells Fargo provided inadequate notice, and mentioned provisions of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Texas Property Code. Plaintiff requested a temporary injunction or temporary restraining order to prevent Defendant

1

from foreclosing on the property. Defendant filed an answer in state court on September 22, 2010, and removed the case to this Court on October 8, 2010.

Defendant moved to dismiss this action, or, in the alternative, for summary judgment on May 12, 2011. Plaintiff responded on June 13, 2011 (Doc. No. 15). Subsequently, Plaintiff moved for a continuance of all matters regarding this case due to the medical leave of Plaintiff's counsel (Doc. No. 19). The Court issued an Order on July 27, 2011, holding that Plaintiff's claims must be dismissed with prejudice but staying final judgment until Plaintiff's counsel was able to return from medical leave (Doc. No. 20). The Order noted that Plaintiff's response did not address the causes of action alleged in the original petition. In fact, Plaintiff's attorney simply copied most of the text from her response to a motion to dismiss in another case before this court, *Acosta v. J.P. Morgan Bank*, Case No. 4:10-cv-4820 (S.D. Tex.). The response recited the incorrect procedural history (that of *Acosta*), and discussed numerous causes of action not at issue in this case, including breach of contract, breach of the duty of good faith and fair dealing, and negligence.

Upon Plaintiff's counsel's return from medical leave, the Court allowed Plaintiff to file an amended response to Defendant's Motion. Plaintiff then filed his First Amended Complaint on September 2, 2011 (Doc. No. 23) without requesting leave of court.[1] At a status conference that day, the Court told the parties that it would not consider the amended complaint until after consideration of the motion to dismiss or for summary judgment, and directed Plaintiff to file an amended response to Defendant's motion by September 9, 2011. Plaintiff had filed an amended response ("Plaintiff's

---

[1] Plaintiff's response to the motion to dismiss, filed later that day, asked for leave to file the amended complaint. (Resp. at 1.)

2

Amended Response") (Doc. No. 24) minutes before the status conference on September 2, and did not file any additional responses or supplements regarding the motion to dismiss after the status conference. Defendant filed a reply on September 9, 2011.

Plaintiff filed his Motion and Memorandum in Support for Leave to File Amended Second Petition and Jury Demand on September 9, 2011, along with Plaintiff's First [sic] Amended Complaint[2] (Doc. No. 27) and Plaintiff's Second Amended Complaint Supplement (Doc. No. 28). The Second Amended Complaint contains additional facts and brings claims against Defendant for violations of the Truth in Lending Act (TILA), fraudulent omissions, breach of contract, violations of Housing and Urban Development (HUD) regulations, breach of the implied covenant of good faith and fair dealing, and violations of the Texas Property Code. Defendant opposes Plaintiff's motion for leave to file an amended complaint, stating that it would surprise and highly prejudice Defendant and cause unnecessary expense and delay.

## II. MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### A. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted

---

[2] The Court will refer to Doc. No. 27 as Plaintiff's Second Amended Complaint. Although it is entitled First Amended Complaint, it was filed concurrently with Plaintiff's motion for leave to file Second Amended Complaint, and therefore the Court believes this document was the subject of that motion.

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule

4

12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010).

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. Before a Rule 12(b)(6) motion may be converted to a Rule 56 motion, a court must be satisfied that the nonmoving party "has . . . had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986). As the Court finds that Plaintiff's claims should be dismissed under Rule 12(b)(6), it does not consider Defendant's alternative arguments for summary judgment or the evidence attached to the motion.

### B. Analysis

Plaintiff asserts that the original complaint contained claims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Texas Property Code. Plaintiff's Amended Response to the motion to dismiss incorrectly states that Defendant's motion did not address Plaintiff's claims under the Federal Debt Collect Practice Act and the Texas Property Code. (Pl.'s Am. Resp. at 3.) However, Defendant alleges that "Plaintiff fails to state any factual allegations or recognized causes of action" and that "Plaintiff has not stated how he is entitled to relief under any theory." (Def.'s Mot. ¶¶ 3, 8.) Defendant's Reply to Plaintiff's Amended Response further identifies defects with Plaintiff's claims under the Texas Property Code and Fair Debt Collection Practices Act. (Reply ¶¶ 4, 8.) Therefore, the Court will analyze whether the complaint states a claim under each of the three claims Plaintiff has identified.

1. The Real Estate Settlement Procedures Act

The original complaint mentions the Real Estate Settlement Procedures Act in only one sentence, which states that Plaintiff forwarded a "'Qualified Written Request' (QWR) pursuant to the 12USC 2605(e) of the REAL ESTATE SETTLEMENT Procedures Act (RESPA) in order to review and evaluate her [sic] loan and payment history in order to continue to perform his obligations under the aforementioned loan." (Compl. ¶ 5.) The complaint does not allege wrongdoing under any provision of this act, and therefore the Complaint does not put the Defendant on notice as to how its actions allegedly violated RESPA or why its August 9, 2010 letter was a deficient response.[3] Moreover, the remedy for failure to comply with any provision of Section 2605 is actual damages sustained as a result of the failure or additional damages in the case of a pattern or practice of noncompliance. 12 U.S.C. § 2605(f). Plaintiff's original complaint did not explicitly request damages or even identify any damages Plaintiff had suffered. The Court finds that, with respect to any claims under RESPA, the original complaint does not put Defendant on notice of the nature of the claims against it.

2. Claims under the Fair Debt Collection Practices Act

The original complaint mentions the Fair Debt Collection Practices Act in two sentences, but again fails to state a claim. The Complaint states, "Because of the 'ARM' contravention to the notice provisions of the Texas Property Code § 51.002 and the FEDERAL FAIR DEBT COLLECTION PRACTICES ACT as Plaintiff has been preventing from exercising his rights to dispute and correct any discrepancies prior to

---

[3] Plaintiff's Amended Response provides further information about this alleged violation, including the fact that Defendant never provided the escrow analysis that it promised in the August 9, 2010 letter. (Pl.'s Am. Resp. at 3–4.) However, these allegations are not contained in the complaint itself. Even though Plaintiff seeks leave to amend the complaint, he does not seek to include any allegations under RESPA in his amended complaint. Therefore, the Court finds it appropriate to dismiss this claim with prejudice.

acceleration." (Compl. ¶ 6.) The Complaint further provides that "counsel for Plaintiff would show that the actions and conduct of Defendant in responding so late to the 'QWR' request are in direct contravention to the notice provisions of the Texas Property Code§ 51.002 and the FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AS as [sic] Plaintiff has been prevented from exercising his rights to dispute and correct any discrepancies prior to acceleration. (Comp. ¶ 9.) Plaintiff again fails to name any particular provisions of the act that Defendant may have violated or identify the actions taken by Defendant that constitute a violation of this act. The Court thus finds that the complaint fails to state a claim under the Federal Fair Debt Collection Practices Act.

        3. Claims under the Texas Property Code

Similarly, Plaintiff has failed to state a claim under the Texas Property Code. The Texas Property Code is mentioned twice (*see* Part II.B.2., *supra*), but Plaintiff again fails to identify the conduct that places Defendant in violation of this statute. Furthermore, Section 51.002 only contains notice provisions required in order to conduct a foreclosure sale. However, Plaintiff admits that no foreclosure sale has occurred, and does not identify how this provision applies to the circumstances of his case. Therefore, these claims must be dismissed.

### III. MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff seeks leave to amend his complaint in order to add allegations of violations of the Truth in Lending Act (TILA), fraudulent omissions, breach of contract, violations of Housing and Urban Development (HUD) regulations, and breach of the implied covenant of good faith and fair dealing. He also seeks to abandon all of the

7

initial claims from his original complaint, with the exception of the violations of notice requirements under Texas Property Code Section 51.002.

### A. Legal Standard

A party may amend its pleadings once as a matter of course. Fed. R. Civ. P. 15(a)(1). Thereafter, pleadings may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Overseas Inns S.A. PA. v. United States*, 911 F.2d 1146, 1150–51 (5th Cir. 1990). In the absence of any of these reasons, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994).

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Therefore, to determine futility, a court must apply the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*

### B. Analysis

The Court believes that leave to amend should be denied. The Rule 15(a) factors do not favor granting leave to amend, as the amended complaint would cause undue delay and prejudice Defendant. The majority of the new claims are not derived from the

8

same set of facts as the original complaint; they involve the underlying Adjustable Rate Mortgage (ARM) loan rather than the allegations of inadequate notice before initiating foreclosure proceedings that were asserted in the original complaint.  Furthermore, while the Texas Property Code Claims and the HUD regulation violations are more closely related to the facts asserted in the original complaint regarding the foreclosure actions, the proposed amendments are futile.

       1.   Additional claims regarding Plaintiff's ARM loan

Plaintiff's amended complaint provides additional facts and four new causes of action relating to Defendant's sale of the ARM loan and failure to disclose the correct interest rate.  Plaintiff alleges that Defendant violated multiple provisions of the Truth in Lending Laws, provided fraudulent omissions, breached its contract with Plaintiff, and breached the implied covenant of good faith and fair dealing.  The Court finds that allowing Plaintiff leave to amend would cause undue delay and prejudice to Defendant.

These additional claims are based on an entirely different set of facts and request distinct relief from the initial complaint.  "A defendant is prejudiced if an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).  As in *Little*, "[t]he amendment that the plaintiff[] requested was not merely clerical or corrective.  It would have established an entirely new factual basis for the plaintiff['s] claims." *Little*, 952 F.2d at 846.

"Although Rule 15(a) contains no time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal." *Whitaker v. City of*

9

*Houston, Tex.*, 963 F.2d 831, 836 (5th Cir. 1992) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203) (internal quotations omitted). "In such a situation, the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists." *Id.* Plaintiff has not offered any explanation for the delay in filing for leave to amend, despite waiting over one year since the filing of this case to ask for leave to amend. Additionally, the deadline for discovery has passed, and Plaintiff has failed to serve Defendant with any discovery requests or disclose any experts.[4]

Moreover, Plaintiff must have known the additional facts forming the basis for his new claims at the time the lawsuit was filed. "[I]n exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (citing *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1098 (5th Cir. 1979), *cert. denied,* 446 U.S. 939 (1980)); *see also Barrett v. Independent Order of Foresters,* 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend where the motion was not filed until nearly ten months after the original complaint and "there would appear to be no matters . . . which could not have been raised initially"). Plaintiff seeks to amend his complaint more than four years after purchasing the ARM home loan in 2007. Plaintiff also appears to have

---

[4] While Plaintiff's counsel requested a continuance, she never specified new deadlines under the Court's scheduling order. Rather, she asked for a continuance only "until she return[ed] from her medical leave." (Attorney's Notice of Medical Leave, and Motion for a Continuance/or in the Alternative Extension of Time, Doc. No. 19, at 2.)

10

first realized the effect of the adjustable rate when his note changed drastically in 2007. (Second Am. Compl. ¶ 21.)

Plaintiff does not contend that any of the additional facts in the amended complaint were unknown to him at the time of filing the complaint or that they were discovered recently.  In fact, the only reason Plaintiff provides to explain the amendment is that "the original petition was drafted in haste to warrant off [sic] the wrongful foreclosure actions of the defendant against the plaintiffs [sic] home."  (Pl.'s Mot. for Leave, at 2.)  In Plaintiff's Amended Response to the motion to dismiss, Plaintiff also alleges that "the attorney of record at that time did not act as any reasonable attorney would have in drafting and pleading the various claims against the respondent Wells Fargo."  (Pl.'s Am. Resp. at 2.)  However, Plaintiff waited six months after retaining new counsel to draft an amended complaint.

Additionally, Defendant has already filed a motion to dismiss or, in the alternative, motion for summary judgment.  The Fifth Circuit has noted that "the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely."  *Little*, 952 F.2d at 846 n.2.  "[M]uch of the value of the summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory."  *Id.* (quoting *Freeman v. Continental Gin Co.*, 481 F.2d 459, 469–70 (5th Cir. 1967).

      2.   Texas Property Code Claims

Plaintiff's amended complaint again fails to state a claim under Texas Property Code Section 51.002, for the same reasons noted by the Court in dismissing the actions in Part II.B.3., *supra*.  Plaintiff does not specify any conduct of Defendant that allegedly violates this provision.  Plaintiff's Second Amended Complaint quotes Section 51.002(b), which mandates notice 21 days before a foreclosure sale.  However, Plaintiff admits that no foreclosure sale has occurred.  (Pl.'s Am. Resp. at 3.)  Therefore, Plaintiff has failed to state a claim, and his motion for leave to amend his complaint with respect to the Texas Property Code Claims will be denied on futility grounds.

### 3.  HUD Regulation Claims

The Court also denies, on futility grounds, Plaintiff's request to add claims under the National Housing Act regulations.  Neither the National Housing Act nor its implementing regulations, promulgated by the Housing and Urban Development ("HUD") provide a private right of action.  *See Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 758–59 (5th Cir. 1987); *Roberts v. Cameron-Brown Co.,* 556 F.2d 356, 361 (5th Cir. 1977); *Castrillo v. American Home Mortg. Servicing, Inc.,* 670 F.Supp.2d 516, 526–27 (E.D. La. 2009); *Mitchell v. Chase Home Finance, LLC,* No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. March 4, 2008).

Plaintiff also asserts that Defendant's alleged violations of the HUD regulations constitute a breach of contract.  Plaintiff states that "[p]aragraph 9(d) of the Deed of Trust incorporates the rules and regulations of the Secretary of Housing and Urban Development."  (Second Am. Compl. ¶ 110.)  However, there is no paragraph labeled 9(d) in the deed of trust.  (Exhibit G, Doc. No. 23-7.)  Paragraph 9 does not mention the applicable law under the contract or name the Department of Housing and Urban

Development, but rather contains the parties' agreements regarding a wholly unrelated topic—the actions to be taken in the event of a governmental taking of the property. Therefore, the Court finds that Plaintiff's Second Amended Complaint has failed to state a claim for violation of HUD regulations, and Plaintiff's motion for leave to amend will be denied on these claims.

IV. **CONCLUSION**

For the reasons discussed in this order, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 14) is **GRANTED**. Plaintiff's Motion and Memorandum in Support for Leave to File Amended Second Petition and Jury Demand (Doc. No. 26) is **DENIED**. Plaintiff's claims against Defendant are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of October, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE